FILED
CHARLOTTE, NC

FEB 18 2020

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JOSHUA WAYNE CLEMONS )<br>)<br>) | DOCKET NO. 5:20-cr-15-KDB<br><br>BILL OF INDICTMENT<br><br>Violations:<br>18 U.S.C. § 2252A(a)(2)(B)<br>18 U.S.C. § 2252A(a)(5)(B) |

**THE GRAND JURY CHARGES:**

**COUNT ONE**

Between on or about November 14, 2019, and November 18, 2019, in Watauga County, within the Western District of North Carolina and elsewhere,

**JOSHUA WAYNE CLEMONS**

did knowingly distribute and attempt to distribute, any child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that has been mailed and shipped and transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce by any means, including by computer.

All in violation of Title 18, United States Code, Section 2252A(a)(2)(B).

*Space intentionally left blank.*

## COUNT TWO

On or about November 21, 2019, in Watauga County, within the Western District of North Carolina and elsewhere,

JOSHUA WAYNE CLEMONS

knowingly possessed and accessed with intent to view, any material that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8), that involved a prepubescent minor and a minor who had not attained 12 years of age, and that has been mailed, and shipped and transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that have been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

All in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

*Space intentionally left blank.*

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Notice is hereby given of 18 U.S.C. § 2253 and 21 U.S.C. § 853. The following property is subject to forfeiture in accordance with 18 U.S.C. § 2253 and 21 U.S.C. § 853:

a. Any visual depiction or book, magazine, periodical, film, videotape, or other matter which contains any such depiction, which was produced, transported, mailed, shipped, or received during the violations set forth in this bill of indictment;

b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from proceeds of the violations;

c. Any property, real or personal, used or intended to be used to commit or promote the violations; and

d. If, as set forth in 21 U.S.C. § 853(p), any property described in (a), (b), or (c) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a), (b) and (c).

The Grand Jury finds probable cause to believe that the following property that was seized on or about March 14, 2019, during the course of the investigation of the offenses herein is subject to forfeiture on one or more of the grounds stated above:

a. One Samsung cellular telephone;

b. One Verizon tablet;

c. One HP Pavilion laptop;

d. One HP tower computer; and

e. One Phillips 45 TV.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

A TRUE BILL:

GRAND JURY FOREPERSON

EMILY J. WASSERMAN
ASSISTANT UNITED STATES ATTORNEY

3